Raul A. **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40576.

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

Rehearing Denied Nov. 1, 1967.

Rudy Esquivel, Tom Jospeh, San Antonio, for appellant.

James E. Barlow, Dist. Atty., M. C. Gonzales, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., life.

Five grounds of error are presented, one of which relates to the sufficiency of the evidence.

The indictment alleged the burglary of a house belonging to Gilbert G. Herman with intent to commit theft.

Herman testified that he and his family had been living in the house for 8 years; that he did not know appellant prior to the day of trial and did not give him permission to break and enter the house or take anything therefrom; that when he returned from work on the date alleged in the indictment he learned that the house had been broken into and a television set and a table radio that were in the home when he left that morning were gone.

His wife, Minnie Herman, testified that she closed and left the house about 10 A.M. When she returned about 1:30 P.M. she noticed the screen to the kitchen window was on the ground in the carport. She found that the table radio and television set were missing and called the police. Mrs. Herman further testified that she did not know and had never seen appellant before the trial and had not given him or any other person consent to enter the house and take any property therefrom and that she had not seen the television or radio since the day they were missed.

A palm print lifted from the tile on the inside of the kitchen window (which Mrs. Herman testified was wiped every day) was compared by fingerprint expert S. O. Hartman with known palm prints of appellant and found to be identical.

The jury was charged on circumstantial evidence. Viewed in the light most favorable to the state, we find the evidence sufficient to sustain the jury's verdict finding appellant guilty of burglary as charged in the indictment.

Following the return of such verdict, the defendant elected to have the jury assess his punishment and the allegations of the indictment alleging prior convictions were then read to the jury and evidence was introduced.

The prior conviction for burglary with intent to commit theft on June 8, 1960, alleged in the indictment, and the prior conviction for burglary with intent to commit theft on February 24, 1964, were proved by certified copies of the indictments and copies of the records of the Texas Department of Corrections which include certified copies of the judgment and sentence in each of said causes, and fingerprints and photographs and expert testimony to the effect that such fingerprints were identical with fingerprints of appellant taken by the expert, which were also introduced in evidence.

For the purpose of proving that the 1964 conviction was for an offense committed after the conviction on June 9, 1960, became final, and for further proof of the identity of appellant as the defendant previously convicted as charged in the indictment, the state called Officer Joseph Medellin who testified that he investigated the 1960 burglary and Police Officer E. P. Alfaro who testified that he was present at the trial on February 24, 1964, after having received the call on October 28, 1963, regarding burglary of the house of Jose Ramirez; and Ramirez testified that he came to court to see appellant "the same day he entered my home" and again when he testified at the trial "around 4 months later—February, I think it was—'64."

Appellant's contentions that the court erred in refusing to grant his motion for instructed verdict based on the insufficiency of the evidence, and in submitting a charge which permitted the jury to consider assessing his punishment at confinement in the penitentiary for life are overruled.

■ Appellant complains that the court included in his definition of "force and breaking" the phrase "or by raising a window."

The court's definition in this regard followed the language of Art. 1394 of the Penal Code. This ground of error is overruled.

■ Another ground of error presented is that the court erred in permitting proof of the details of the prior offenses alleged for enhancement.

This complaint relates to the testimony of the witness Jose Ramirez, owner of the house alleged to have been burglarized on or about the 28th day of October, 1963, for which Raul A. Rodriguez was convicted on the 24th of February, 1964, and was properly admitted for the purpose of identifying appellant as the defendant in said cause and to sustain the allegation of the indictment that such conviction was for an offense committed after the burglary conviction in 1960 became final. We see no error.

■ The remaining ground upon which appellant seeks reversal is that the court erred in admitting the fingerprint card, State's Exhibit No. 4, into evidence in that said evidence was obtained in violation of his constitutional rights against self-incrimination and right of counsel.

The fingerprints and palm prints on State's Exhibit No. 4 were shown by the testimony of fingerprint expert S. O. Hartman to have been taken by him at the Bexar County Jail on the day it was offered in evidence at the trial.

The record reflects that fingerprints taken by the same expert on the day of appellant's arrest had been excluded because

the magistrate had not signed the warrant for his arrest.

Appellant was under indictment and in lawful custody when the prints offered in evidence were taken and the trial court did not err in admitting them. Platt v. State, Tex.Cr.App., 402 S.W.2d 898; Gage v. State, Tex.Cr.App., 387 S.W.2d 679; Dennison v. State, Tex.Cr.App., 399 S.W. 2d 365.

The judgment is affirmed.

ONION, J., not participating.