John L. DUES, Appellant,

v.

The STATE of Texas, Appellee.

No. 42944.

Court of Criminal Appeals of Texas.

June 17, 1970.

Rehearing Denied July 22, 1970.

Bob Heath, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and F. M. Stover, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. The punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

At the outset appellant vigorously challenges the sufficiency of the evidence to sustain the conviction. He contends that the only evidence connecting him with the burglary of the premises where he worked as cook, porter and "clean up" man was his fingerprints on the inside of a jagged piece of glass in the frame of the broken window, which apparently was the point of entry.

Carol Bibby, assistant manager at Hart's Kentucky Fried Chicken at 7578 Longpoint in Harris County, Texas, testified that on Saturday night, December 10, 1966, before closing, she hid $200 of the petty cash fund on a shelf in the freezer of the store and that no one saw her do so. She related that at approximately 10:30 p.m. she and the appellant, who worked there as a cook and "clean up boy" left the business establishment which was locked and secured.

She further testified she returned to the place of business at approximately 2 or 2:30 a.m., went inside the store, checked the back door again, etc., and found nothing amiss.

Dorothy Haley, manager of Hart's store at the location in question, arrived at the store at 8:30 a.m. on Sunday morning and found a plate glass window broken with the glass on the inside of the building. The hole in the glass was big enough for a man to crawl through. She testified that the $200 from the freezer was missing but the store had not been ransacked.

She related that appellant did not appear for work that day as he attended a funeral, but sent his brother instead. He did report on December 12, 1966, for work. She revealed that it may have been possible that the appellant, who had been employed since August, 1966, and had on one occasion observed her removing the petty cash from

the freezer where it was kept on the weekends. She also testified that Hart's employed a professional window cleaner who cleaned the store windows once a week though he was not consistent about the day of the week on which he appeared. The witness Bibby testified it was not part of appellant's duties to clean the windows and she had never seen him do so.

The witnesses Bibby and Haley also testified they did not give consent to the appellant to break and enter the premises in question.

Officer Beckham of the Houston Police Department lifted a set of fingerprints from the inside of a jagged piece of glass left in the frame of the broken window on Sunday, December 11, 1966. Such prints were shown by the testimony of a fingerprint expert to be identical with known prints of the appellant. Only smudges were found on the outside of the broken glass.

Testifying in his own behalf appellant related that part of his duties was cleaning the booths and the ledge of the windows "mostly all the time"; that on the Saturday in question he had cleaned up around the window later found broken; that he had cleaned around the windows that day because "Miss Haley had left word with Carol Bibby"; that he went home after he left work, attended a funeral on Sunday, and worked Monday until the following Friday when he was arrested. He denied the offense or knowing the hiding place of the petty cash.

The witness Bibby was called in rebuttal by the State. When asked if she had received instructions on the Saturday in question from the witness Haley to have the appellant "clean the ledge around the windows and the windows themself" she answered "I don't remember." The witness Haley also called in rebuttal testified she could not remember "one way or the other" whether she left such instructions.

There were no eye witnesses to the alleged burglary and none of the missing $200 was found in appellant's possession.

It would appear that this appeal is controlled by the decision in Caudillo v. State, 167 Tex.Cr.R. 147, 318 S.W.2d 891. There, as in the case at bar, the State relied upon circumstantial evidence for a conviction.

In Caudillo v. State, supra, this Court said:

"The fingerprints on the window screen are evidence of the appellant's identity, and that he had been at the window of the house; but such evidence unaided by any other fact than that he had about four months previously helped paint the house, when tested by the requirements that in order to warrant a conviction on circumstantial evidence, there must be proof, to a degree of certainty greater than a mere probability or strong suspicion, tending to establish that the party charged was the person who committed the offense or was a participant therein, is insufficient under all facts and surrounding circumstances of this case to warrant the conclusion that he committed the offense of burglary."

The State relies upon Rodriguez v. State, Tex.Cr.App., 419 S.W.2d 372; Mann v. State, Tex.Cr.App., 420 S.W.2d 614; Gonzales v. State, Tex.Cr.App., 399 S.W. 2d 360 and Roach v. State, Tex.Cr.App., 398 S.W.2d 560. Those cases relied upon the proposition of law that the fingerprints of an accused, which *necessarily must have been made at the time of the burglary,* are sufficient to sustain a burglary conviction without further evidence of identification. See also Grice v. State, 142 Tex.Cr.R. 4, 151 S.W.2d 211; Briones v. State, Tex.Cr. App., 363 S.W.2d 466; 10 Texas Juris.2d, Burglary, Sec. 94, p. 260.

We do not depart from the holdings in those cases, but it is clear from the facts in this case that the fingerprints in question were not necessarily made at the time of the burglary. The facts and circumstances in the instant case are not suffi-

**118**

cient to exclude every other reasonable hypothesis except that of the appellant's guilt and to warrant his conviction upon circumstantial evidence.

The judgment is reversed and the cause remanded.[1]

---

1. It is here observed that appellant's trial commenced and concluded on June 19, 1967. The record on appeal did not reach this Court until March 3, 1970. Appellant has been confined, at least since June 19, 1967, by virtue of the provisions of Article 40.04, Vernon's Ann.C.C.P., since the punishment assessed is in excess of 15 years.