

Ramie H. Griffin, Beaumont, for appellant.

Bill A. Martin, Dist. Atty., Newton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, five (5) years.

■ We are met at the outset with a question of constitutional dimensions. Officer Dougharty testified that after the burglary he arrested the appellant and his two companions. He was then asked, "Now I ask you, Mr. Dougharty, did you ever go down to Beaumont, Texas, with James Price (the appellant) and recover any merchandise?" Counsel asked to have the jury retired. In their absence, the prosecutor elicited the fact that the officer, prior to going to Beaumont, did not know where the stolen property might be found and that he learned its location from the appellant. It is clear that the appellant was under arrest and there is no showing that any warning was given to him. At the conclusion of the hearing, the appellant objected to all of the tesimony on the grounds that the proper predicate had not been laid under the Code of Criminal Procedure or the Constitution of the United States.

Thereafter in the presence of the jury, the officer testified that the appellant and Brown, the injured party, accompanied him to Beaumont, where they went to a certain pawn shop. He stated that, at the shop, Brown identified the stolen property, and the owner of the pawn shop identified the appellant and delivered to the officer the pawn ticket containing appellant's signature. He further testified over objection that the proper warning had not been given, that appellant and his co-indictees accompanied him and Brown to a pipe line where a cash box and "part of the papers that wasn't burned up" were found.

We had this same situation before us in Lee v. State, Tex.Cr.App., 428 S.W.2d 328, where we held that testimony of officers about conversations with accused and his companions which led to the finding of certain license plates was inadmissible because appellant and his companions were under arrest and were given no warning.

■ The objection made in the absence of the jury need not have been repeated in their presence under Art. 40.09, Vernon's Ann.C.C.P., § 6(d) (3), and the holding of this Court in Powers & Dion v. State, Tex.Cr.App., 456 S.W.2d 97.

For the error pointed out, the judgment is reversed and the cause remanded.

**Oscar Franklin BOWEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43255.**

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

was a flashlight so suspended that its beam was directed toward the concrete roof of the vault. Each of the many items found was dusted without success for fingerprints. Only cloth smudges appeared. Finally on the inside of the flashlight, the batteries themselves were dusted and a definite print was found. There was no showing as to how long the prints had been on the battery. It was compared with the prints of known local burglars with negative results. Then it was compared with some twenty furnished by the Oklahoma City Police and a positive identification was made; it was shown to match appellant's fingerprint.

It was further shown by a witness from Salt Lake City that the drill press found in the attic had been manufactured by Ace Company and sent to Oklahoma City, where it had mysteriously disappeared. On the day of the burglary, it was the only drill press of its kind that was not accounted for.

The burglary tools were photographed for dissemination to other police organizations throughout the country so that they might be prepared for a burglar with the same modus operandi. Both the photographs and the tools were admitted into evidence at the trial. Each bore only a tag which was removed prior to its introduction, which was proper. Appellant's counsel skillfully cross-examined each officer and they honestly told him that without the tag they could not swear that it was the identical item found; but finally it was established that they were put in a bag which was tagged and placed in the police vault in a safe where it remained until the day of the trial. The chain of custody was clearly shown.

The Houston police should be congratulated for the carefulness in which they prepared the present case. However, it was shown that appellant was extradited from the State of Oklahoma. It was not shown that appellant had ever been in Houston or the State of Texas. This case falls within the rule set forth in McGarry

Louis G. Mehr, Houston (on appeal), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ted Hirtz, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, five (5) years.

The sufficiency of the evidence is challenged.

At 5:00 a. m., the burglar alarm at Corrigan's Jewelry Store alerted the police. When they entered with the assistance of the manager, they discovered a hole in the ceiling which had been freshly made. This was over and near the top of the vault. When they ascended to the roof, they found a hole in the roof large enough to admit a man. In the attic they discovered what was to the burglary detail officers the most unusual set of burglary tools they had ever viewed. Included among these tools were a jack hammer, a compressor and a drill press. The total weight of the tools was in excess of 150 pounds. Over the hole in the ceiling, there

v. State, 82 Tex.Cr.R. 597, 200 S.W.2d 527, and reasserted in our recent case of Dues v. State, Tex.Cr.App., 456 S.W.2d 116, and the cases there cited as follows. Fingerprints alone may be sufficient to convict if the evidence shows that they must *necessarily have been made at the time of the burglary.*

Finding no such showing, we must hold the evidence insufficient to sustain the conviction.

The judgment is reversed and the cause is remanded.

Andrew F. MURDOCH, Gale Stewart, Janice West, Larry West and Andrew L. Winsor, Appellants,

v.

The STATE of Texas, Appellee.

No. 43257.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Branch T. Archer, Amarillo, for Murdoch.

Otho Miller, Amarillo, for Gale Stewart.

V. G. Kolius, Amarillo, for Janice and Larry West.

Charles Wittenberry, Amarillo, for Winsor.

Tom Curtis, Dist. Atty., and John B. Reese, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The conviction was for the substantive offense of conspiracy to commit the crime of theft; the punishment assessed each appellant, five (5) years, probated.

Appellants were jointly indicted and tried.

The sufficiency of the evidence is challenged.