Roley BROUSSARD, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–017–CR.

Court of Appeals of Texas, Beaumont.

Sept. 7, 1983.

v. *State,* 167 Tex.Cr.R. 147, 318 S.W.2d 891 (1958). Another rule, which might even be stated as an exception to the foregoing, is that fingerprints alone may be sufficient to convict if the evidence shows that the fingerprints must necessarily have been made at the time of the burglary. *Bowen v. State,* 460 S.W.2d 421 (Tex.Cr.App.1970), and *Dues v. State,* 456 S.W.2d 116 (Tex.Cr. App.1970).

In the instant case both requirements have been met by the amazing testimony of Appellant himself. The gist of the testimony was that Appellant had met two acquaintances on the night of the burglary who had some property taken from the Lamar School, Port Arthur. Appellant spent several hours with the men. Later that same night, Appellant testified, he climbed the locked fence of the subject premises, went to the broken window where the fingerprint was taken, put his head inside the window, looked around at where the earlier burglary had taken place, and then left. On direct examination he testified:

"Q. Was it ever your intent, Mr. Broussard, to go to Lamar School and commit the theft (sic)?

"A. No.

"Q. Why did you go there?

"A. ... I got out of the car at Doug Thomas', which is maybe two or three houses from Lamar and where he resided. Now that is when they told me where they went. You know, at that time I was fixing to run off near home. Out of curiosity, I just went over there, you know ... I went over there and I went to the window. I might have wanted to go in there and take something but I looked in and I—just like I checked in and out and took off, you know. But I didn't have nothing to do with nothing else.

\*　　\*　　\*　　\*　　\*　　\*

"Q. Is there anything else that you want to tell this jury about why you went to Lamar School that night?

Clayton Mayfield, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

### OPINION

BROOKSHIRE, Justice.

Roley Broussard, Jr., Appellant, was convicted of Burglary of a Building by a jury. He pleaded "true" to the enhancement allegation of a prior offense and the trial court assessed twenty (20) years punishment. Appellant complains that evidence of one latent fingerprint found by police on the inside of a broken window at the building was insufficient to sustain conviction. Appellant's grounds of error are overruled.

In circumstantial evidence cases where the evidence is of a single fingerprint, there must also be proof, to a degree greater than a mere probability or a strong suspicion, tending to establish that the party charged was the person who committed the offense or was a participant. *Caudillo*

"A.  ... Maybe at the time I can say I knew why because I might have wanted to take something, you know...."

■ We think Appellant's enlightening version not only sufficiently buttressed the State's fingerprint case under the above rules, but it also practically tracked each and every requisite for conviction under Tex.Penal Code Ann. § 30.02 (Vernon 1974).

AFFIRMED.