**Jimmy B. WHEAT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–83–0198–CR, 01–83–0199–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 2, 1984.

Discretionary Review Refused June 13, 1984.

Jim Sims, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

OPINION

COHEN, Justice.

Appellant was convicted of burglary after trial to the court, and the court assessed his punishment at five years incarceration. This trial was consolidated with a motion to revoke appellant's probation for an earlier burglary. The court found that the revocation allegations were true, and revoked appellant's probation, reducing his sentence in that case from ten years to five years. Appellant brings two grounds of error, both challenging the sufficiency of the evidence in the second burglary case.

The burglary victim testified that he had known appellant for several months, and that they lived in the same apartment complex. He said appellant had been in his apartment four or five times, the last time being about a week to ten days before the

burglary. He said he had borrowed appellant's car on one occasion.

The victim said he kept a watch inside a glass-front stereo component cabinet in his bedroom. The watch was taken in the burglary, along with several other items of jewelry. Police found a fingerprint on the inside of the glass-front cabinet about halfway up the door which matched appellant's fingerprints. It was not possible to reach the place where the fingerprint was found without opening the door to the cabinet. The victim testified that the only way to open the cabinet's glass doors was to pry them open from the bottom with a finger or other object.

The victim testified that appellant had never touched the glass-front cabinet while he was visiting the victim's apartment. He said appellant was out of his sight inside the apartment only when appellant went to the restroom, which was on the opposite side of the apartment from the bedroom containing the cabinet.

The victim testified that he discovered his apartment had been burglarized when he came home between 3:30 and 4:00 a.m. on September 4, 1982. He had been absent from his apartment since about midnight. He said appellant knew he owned the articles which were stolen, because appellant had seen him put them up inside the cabinet. There was a clear view of the glass-front cabinet in the bedroom from the living room.

The victim also testified that he and appellant were both weight lifters, although he denied that appellant had ever lifted weights with him in his apartment. He said that appellant's younger brother had also visited the apartment, but had never lifted weights there. The victim said he listened to music when he lifted weights, using the stereo in the glass-front cabinet in the bedroom. He denied ever leaving the doors open while he listened to music.

A former resident of the apartment complex testified that he had visited the victim's apartment with appellant, and that the victim and appellant had visited his house together. He said he had seen the two of them together on many occasions. Appellant's brother testified that he had visited the victim's apartment at least 20 times with his brother, and had seen his brother lift weights with the victim. Appellant's mother testified that appellant had visited the victim's apartment several times, and that appellant had loaned the victim his car. She testified that on the night of the burglary, she awoke appellant at about 3:30 or 4:00 a.m. to get him to start her car so she could drive to work. One of appellant's friends testified that on the night of the burglary, appellant stayed at his house at a party until about 2:00 or 3:00 a.m. He testified that he lived about 30 to 40 minutes away from appellant's apartment.

Appellant testified that he had visited the victim's apartment many times, occasionally with his brother or a friend, that he and the victim had visited a friend's house together, and that he ran errands for the victim and loaned him a car. He testified that he had lifted weights at the victim's apartment in the room containing the glass-front cabinet, and that he had opened the cabinet to turn on the stereo on many occasions. On those occasions, he said he probably touched the inside of the cabinet doors. He said that he had been at a party on the night of the burglary and left about 2:30 or 3:00 a.m. He said he drove home in about 20 to 30 minutes and was in bed asleep when his mother woke him up to start her car. He said he had visited the victim's apartment the day before the burglary and had watched television with the victim.

■ Appellant argues that the evidence was insufficient to show that he committed the burglary. The standard for appellate review in circumstantial evidence cases on a sufficiency of the evidence ground is whether the fact finder might have reasonably concluded that the evidence excluded all reasonable hypotheses but the appellant's guilt. *Hine v. State*, 622 S.W.2d 872 (Tex.Cr.App.1981). Proof amounting only to a strong suspicion or mere probability of guilt is insufficient to

support a conviction based on circumstantial evidence. *Schershel v. State,* 575 S.W.2d 548 (Tex.Cr.App.1979). "If the *State's* evidence [emphasis supplied] supports an inference other than a finding of the essential elements of the crime, then no trier of fact could *rationally* find the accused guilty *beyond a reasonable doubt ....*" [emphasis in original] *Carlsen v. State,* 654 S.W.2d 444, 449–50 (Tex.Cr.App. 1983) (op. on reh'g). The only evidence linking appellant with the burglary was the fingerprint on the inside of the cabinet.

■ One of the most important factors to be considered in evaluating the sufficiency of fingerprint evidence is the extent to which the fingerprinted object was accessible to the defendant. *Phelps v. State,* 594 S.W.2d 434 (Tex.Cr.App.1980). If there is no possibility that the prints could have been made at some time before the burglary, the conviction will stand. *Nelson v. State,* 505 S.W.2d 271 (Tex.Cr.App.1974); *LeBlanc v. State,* 424 S.W.2d 434 (Tex.Cr. App.1968); *Mann v. State,* 420 S.W.2d 614 (Tex.Cr.App.1967); *Rodriguez v. State,* 419 S.W.2d 372 (Tex.Cr.App.1967); *Gonzales v. State,* 399 S.W.2d 360 (Tex.Cr.App.1966); *Briones v. State,* 363 S.W.2d 466 (Tex.Cr. App.1963). In testing the sufficiency of the evidence in a case relying entirely on circumstantial evidence, the evidence is viewed in a light most favorable to the prosecution. *Carlsen v. State, supra* at 448–49.

In *Dues v. State,* 456 S.W.2d 116 (Tex.Cr. App.1970), an employee was charged with burglarizing a store after his fingerprints were found on the inside of a broken window. The store manager testified that the defendant's duties did not include cleaning around the area where the window was broken. However, the manager could not positively deny that the defendant had cleaned around the window on the day before the burglary, as he had claimed. The court held that the evidence did not exclude the possibility that the employee had made the prints before the burglary, in the course of his employment. In the instant case, however, the victim did positively deny that appellant had ever had an opportunity to place his fingers at that location before the burglary.

■ The State's evidence did not support any inference other than a finding of guilt. The victim unequivocally stated that appellant never had access to the place where his fingerprint was found. The court believed this testimony, as it was entitled to do in its role as the exclusive judge of the facts proved and the credibility of the witnesses. Such testimony, viewed in a light most favorable to the prosecution, *Carlsen v. State, supra,* supports a probability that the defendant was guilty. This was sufficient to prove the appellant's guilt by a preponderance of the evidence, and therefore, the evidence was sufficient to support the revocation of probation. *Bradley v. State,* 608 S.W.2d 652, 656 (Tex.Cr.App. 1980).

The same evidence was also sufficient to support the appellant's guilt beyond a reasonable doubt. This case differs from *Caudillo v. State,* 167 Tex.Cr.R. 147, 318 S.W.2d 891 (1958), which is relied on by appellant. In *Caudillo,* the *undisputed* evidence was that the defendant had painted the burglarized house four months earlier, with the owner's consent, and had then been in a position to leave his fingerprints innocently at the place they were found. His innocent access to the exact place where the prints were found was unquestioned. Although the State's experts testified that the prints were placed within three days of the burglary, and the defendant denied being there within that period, the evidence was held insufficient. In the instant case, however, the victim consistently denied that the appellant ever had access before the burglary to the cabinet where his fingerprint was found. The State's evidence was clear on this point and we review it in the light most favorable to the verdict. *Carlsen v. State, supra.* If believed, as it was by the trier of fact, such evidence proves that the fingerprint could not have been placed at any time except during the burglary.

*Caudillo, supra,* is further distinguishable because there was no evidence of an entry. The only fingerprint found was on the outside of a screen of a window to the house. No fingerprints were found inside the house. In the instant case, the appellant's fingerprints were found inside the cabinet. The evidence was sufficient to support the verdict.

The judgment of the trial court is affirmed.