Frank HELTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–234 CR.

Court of Appeals of Texas, Beaumont.

Sept. 16, 1987.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., and John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted for robbery; the indictment also alleged a previous conviction for robbery. A jury convicted him, and the court sentenced Appellant to fifteen years in the Texas Department of Corrections. Appellant has perfected appeal to this court on two points of error. His first point of error states:

"The Trial Court erred in admitting State's Exhibit No. Four into evidence."

Before commencement of the trial, Appellant filed a motion for discovery which was granted by the court. State's Exhibit No. 4 was a fingerprint card which was admitted during the testimony of an expert called by the State, who identified one thumbprint found on the cash register tray as being the same as the known print of Appellant. The exhibit was a fingerprint card of Appellant taken after his arrest and used for comparison purposes with the thumbprint lifted from the cash

register at the scene of the crime. State's Exhibit No. 3 was the original print lifted from the cash register on May 21, 1985, the day the crime was committed. The comparison print was taken from Appellant on August 4, 1986, and appeared with the lifted print on State's Exhibit No. 4. The discovery motion was heard on July 28, 1986, at a time when the comparison print (Exhibit No. 4) was not yet in existence. However, the original print was given to Appellant's counsel on July 30, 1986, in obedience to the court's order. So, Appellant was not surprised by the introduction of Exhibit No. 4 which the State says it gave Appellant the same day the exhibit was furnished to the prosecutor. A print can be taken for comparison purposes even up to and during the trial. *See Ballard v. State*, 487 S.W.2d 724 (Tex.Crim.App.1972); *Villareal v. State*, 468 S.W.2d 837 (Tex. Crim.App.1971); *Martin v. State*, 463 S.W.2d 449 (Tex.Crim.App.1971); *Nolan v. State*, 624 S.W.2d 721 (Tex.App.—Amarillo 1981, no pet.).

When the complained of exhibit (State's Exhibit No. 4) was admitted, the trial judge told Appellant's counsel, "I'll give you time, if you need that, to meet the physical evidence." Appellant's counsel did not ask for time or file a motion for continuance. Failing to do so, he cannot be heard now to complain. *Lindley v. State*, 635 S.W.2d 541 (Tex.Crim.App.1982); *Payne v. State*, 516 S.W.2d 675 (Tex.Crim.App.1974).

■ Appellant took the stand and testified he saw two robbers leaving the convenience store as he entered it. He further testified the cash register drawer was open and he (Appellant) put his hand on and in it, which is what caused his fingerprint to be there. So, even if the evidence was improperly admitted, where the defendant gives testimony which establishes the same facts as those to which objection was made, there is no reversible error. *Thompson v. State*, 652 S.W.2d 770 (Tex.Crim.App.1981); *Cowan v. State*, 562 S.W.2d 236 (Tex.Crim. App.1978); *Hollowell v. State*, 571 S.W.2d 179 (Tex.Crim.App.1978). This point of error is overruled.

■ Appellant's final point of error is as follows:

"The evidence was insufficient to support the conviction."

Debbie Patterson testified she was working in the store at the time of the robbery. She was grabbed from behind, told to keep her eyes shut, and then she was tied up in the cooler. She saw her attacker and another man standing at the door as she was carried into the cooler. She could see both men were black, but she was unable to identify them. Shortly after the attacker left, Ms. Patterson untied herself and went into the front of the store. Chester Jenkins was coming in. He testified he saw a black man coming out hiding his face with his hat.

Appellant argues, "A complete reading of the evidence offered by the State indicates that the fingerprint was actually the only evidence linking Appellant even to the scene of the offense, and thus was the most critical piece of evidence in the State's case." Later Appellant argues, "The sufficiency of fingerprints to sustain a conviction has been established as sufficient only if the evidence shows that the fingerprints must necessarily have been made at the time of the alleged offense, and at no other time," citing *Caudillo v. State*, 167 Tex. Cr.R. 147, 318 S.W.2d 891 (1958); *Bowen v. State*, 460 S.W.2d 421 (Tex.Crim.App.1970); *Lanes v. State*, 711 S.W.2d 403 (Tex.App.— Beaumont 1986, pet. granted); *Phelps v. State*, 594 S.W.2d 434 (Tex.Crim.App.1980); *Dues v. State*, 456 S.W.2d 116 (Tex.Crim. App.1970).

■ The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given the testimony. *Penagraph v. State*, 623 S.W.2d 341 (Tex.Crim.App.1981). In the case at bar, the Appellant's own testimony establishes his fingerprint made at the very time of the offense. Hence, the rule we stated in *Lanes v. State, supra,* and the authorities cited therein, 711 S.W.2d at 405, is satisfied. This point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.