Phuong Van NGUYEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–00960–CR.

Court of Appeals of Texas,
Dallas.

Sept. 14, 1989.

Noel Portnoy, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before HOWELL, BAKER and OVARD, JJ.

## OPINION

HOWELL, Justice.

Phuong Van Nguyen appeals a jury conviction for aggravated robbery in which the court assessed punishment at forty years' confinement. In his sole point of error, appellant maintains that the evidence is insufficient to support his conviction. We disagree and affirm.

In the present case, complainant Stephen Smith testified that at 4 a.m. July 11, 1986, he was awakened to find four masked men in his bedroom, one of whom was pointing a gun two feet from his face. The gunman, who was wearing a bandanna, said to complainant, "You move, you die." Complainant was then forced to lie on the floor where his hands and feet were tied with telephone cord and his head covered with a towel. Although the men spoke English, complainant said that they had an oriental accent.

Immediately thereafter, complainant's Vietnamese wife, Hoa Smith, was brought into the bedroom. She was made to lie face down on the floor, tied up, and her head covered. He also sensed from the sounds he heard that his wife's sister, Huong Phan, had also been brought into the bedroom. He tried to tell the men where their valuables were located, but was struck twice in the head with a hard object, which he assumed was the gun.

Soon thereafter, complainant's wife and her sister were taken to another bedroom. He heard the sounds of drawers opening and closing. He testified that the men took five or six rings, a number of bracelets, some earrings, a cassette recorder, a revolver, and $500 in cash. Complainant estimated the value of the stolen property at $20,000.

Complainant and his wife both testified that the men had used a gun or a knife and had threatened their lives. Both said that they feared the men would injure or kill them. The wife's sister, who spoke little English, did not testify. After the intruders left, complainant freed himself and summoned the police.

Officer Eugene Fuller, a board certified fingerprint expert, testified that he found several identifiable prints at the residence. He lifted a fingerprint from the front point-of-entry window, a palm print from the glass sliding door at the back of the house, and various fingerprints and palm prints from other windows in the back of the house where the perpetrators had apparently attempted to enter. Fuller said he compared the latent prints taken from complainant's residence to appellant's fingerprints and palm prints, which were also taken by Fuller. He found ten points of

comparison on the fingers and twenty-five points of comparison on the palms. Based on this, Fuller concluded that the latent fingerprints from the residence matched the known prints of appellant. In fact, Fuller said, "Having investigated probably over 8,000 burglaries, this was—there was an awful lot of latent prints.... I made numerous lifts and saw that they were the same prints and that this was the largest number of prints I have ever investigated on a burglary that matched one subject."

Appellant asserts in his sole point of error that the fingerprint evidence alone is insufficient to support his conviction. In reviewing the sufficiency of the evidence, our inquiry is limited to determining whether, viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Purtell v. State*, 761 S.W.2d 360, 365 (Tex.Crim.App.1988). The same standard applies in both direct and circumstantial evidence cases. *Livingston v. State*, 739 S.W.2d 311, 329 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). The jury's task is to determine the credibility and weight to be given to the witnesses' testimony. *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App.1984); *Foster v. State*, 687 S.W.2d 65, 66 (Tex.App.—Dallas 1985, pet. ref'd).

A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except the defendant's guilt; proof amounting to only a strong suspicion or mere probability is insufficient. *Guiton v. State*, 742 S.W.2d 5, 10 (Tex.Crim.App.1987). Yet every fact need not point directly and independently to the defendant's guilt. It is enough if the verdict of guilty is warranted by the combined and cumulative force of all incriminating circumstances. *Livingston*, 739 S.W.2d at 330; *Beardsley v. State*, 738 S.W.2d 681, 685 (Tex.Crim.App.1987).

Specifically, in burglary cases hinging on proof of identification by fingerprints, a key factor we must consider is the extent to which the fingerprinted object was accessible to the defendant. *Phelps v. State*, 594 S.W.2d 434, 436 (Tex.Crim.App. [Panel Op.] 1980). Where the evidence indicates that the fingerprint may have been left at a time other than the burglary, then the fingerprint evidence is insufficient to exclude every other reasonable hypothesis than the defendant's guilt. *See, e.g., Dues v. State*, 456 S.W.2d 116, 117–18 (Tex.Crim.App. 1970) (defendant previously employed at burglarized restaurant); *Caudillo v. State*, 167 Tex.Crim. 147, 318 S.W.2d 891, 892 (App.1958) (defendant had painted house and had access to house); *Young v. State*, 731 S.W.2d 172, 176 (Tex.App.—Dallas 1987, no pet.) (defendant had done yard work and had access to house). However, the mere possibility that a defendant's fingerprints may have been left at a time other than the burglary does not necessarily render the evidence insufficient. *See, e.g., Phelps*, 594 S.W.2d at 436; *Wheat v. State*, 666 S.W.2d 594, 596 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd); *Walker v. State*, 652 S.W.2d 438, 440 (Tex.App.—Tyler 1983, pet. ref'd). Thus, each case must be reviewed on its own facts.

In *Phelps*, the Texas Court of Criminal Appeals specifically recognized that no evidence showed that appellant had been on the premises prior to the offense or that the premises had previously been burglarized. *Phelps*, 594 S.W.2d at 436. These circumstances, said the court, negated any reasonable probability that the defendant had left the fingerprints prior to the night of the offense. *Id.* Conversely, the cases reversed because of insufficient evidence contained some proof of prior contact or prior relationship between a defendant and a victim, which raised a reasonable hypothesis other than defendant's guilt. *See Dues*, 456 S.W.2d at 117; *Caudillo*, 318 S.W.2d at 892; *Young*, 731 S.W.2d at 174.

In the present case, both complainant and his wife testified that they had never met, or even seen, appellant or the other perpetrators prior to the night of the burglary, nor had they seen appellant prior to

trial. Admittedly, the victims were not able to make eyewitness identifications of appellant because he was wearing a mask. Based on small build, dark hair, and oriental accent, however, the victims concluded that the robbers were Asian; appellant is an ethnic Asian.

We find no evidence that complainant's home was ever burglarized previously. The record reflects no showing that appellant ever had any prior access to complainant's residence. We acknowledge that the front point-of-entry window was somewhat accessible to the public, but the evidence suggests no reason that appellant might have ever entered complainant's front yard and placed his hands on complainant's window. In addition, his fingerprints were also found on the glass sliding door and windows on the back of the house, areas even less accessible to the public. Thus, with no prior relationship between complainant and appellant, and no proof of prior access, we conclude that the circumstantial fingerprint evidence excludes every reasonable hypothesis except the appellant's guilt. The fact that all fingerprints identified as those of appellant were on the outside of the house is not controlling. The fact that appellant had never been seen in complainant's yard plus the fact that appellant had no reason to be in complainant's yard on any other occasion is sufficient. Under these circumstances, a rational fact finder could have found all of the essential elements of the crime beyond a reasonable doubt. Therefore, the evidence is sufficient to support the conviction. We overrule appellant's point of error and affirm the trial court's judgment.