**Herley Lee JONES, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–165–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 26, 1992.

Discretionary Review Refused
June 3, 1992.

Hardy Burke, Denton, for appellant.

Bruce Isaacks, Crim. Dist. Atty., David C. Colley, Ed Brownlee, Asst. Dist. Atty., Denton, and Robert Huttash, State Pros. Atty., Austin, for State.

Before HILL, MEYERS and DAY, JJ.

## OPINION

HILL, Justice.

Herley Lee Jones, Jr., appeals his conviction by jury of burglary of a habitation. Finding two enhancement allegations true, the jury assessed punishment at fifty-seven years confinement in the Texas Department of Criminal Justice, Institutional Division. In four points of error, Jones contends that: 1) the trial court erred in denying his motion for instructed verdict based on the insufficiency of the evidence against him; 2) the evidence was insufficient for any rational trier of fact to find him guilty beyond a reasonable doubt; 3) the trial court erred in sustaining the State's rele-

vancy objection relating to testimony that would have developed an alternative hypothesis for the commission of the offense; and 4) the trial court erred in admitting a pen packet at the punishment phase which contained an uncertified judgment.

We affirm because we hold that: 1) the trial court properly denied Jones's motion for instructed verdict, as the evidence was sufficient to support both the trial court's action and the jury verdict; 2) the trial court properly excluded evidence of a third person's motive to commit the offense because there was no evidence linking the third person to the offense; and 3) the pen packet was properly admitted at the punishment phase in that it was properly authenticated pursuant to TEX.R.CRIM. EVID. 901 and 902.

■ In points of error one and two, Jones complains that the trial court should have granted his motion for instructed verdict, and that the evidence was insufficient to support his conviction. In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App. 1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984) (opinion on reh'g). The Texas Court of Criminal Appeals has also held that in a circumstantial evidence case, the evidence must negate every reasonable hypothesis other than that hypothesis establishing the guilt of the defendant in order to sustain the conviction. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim. App.1984). As Jones was tried and convicted prior to the Texas Court of Criminal Appeals decision in *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991), which abrogates the "reasonable hypothesis" standard of review, *Geesa* is inapplicable to our review.

The complainant's residence was burglarized on June 19, 1989. The investigating officers determined that forced entry was made into the residence through a kitchen window. A window screen was found on the ground by the window in a pool of mud. There were muddy footprints on the ground adjacent to the kitchen window, on and around the kitchen sink, in the kitchen, and at various points in the house. Most of the items taken were in plain view, including professional photography equipment, jewelry, and cash on top of a desk.

The only physical evidence positively linking Jones to the crime was his fingerprint found on the kitchen window screen that was removed to gain entry into the premises. Both parties agree that fingerprint evidence alone is sufficient to sustain a conviction if the record shows that the fingerprints were necessarily made contemporaneously with the offense. *Phelps v. State,* 594 S.W.2d 434, 435 (Tex.Crim.App. [Panel Op.] 1980). This statement was not meant to substitute for the standards for determining the sufficiency of the evidence that ordinarily apply in circumstantial evidence cases. *Id.* at 436. We therefore hold that the correct test in this case for the sufficiency of the fingerprint evidence is whether under the facts of this case a rational trier of fact could determine that the fingerprint was made at the time of entry into the residence by the party committing the burglary.

■ We hold that evidence of mud beneath the kitchen window; evidence that a screen matching the dimensions of that window was found lying in the mud a foot from the house, not far from the window; evidence of mud in the kitchen sink and around the counter under the window; the owner's testimony that she did not know Jones and had not given anyone permission to enter her residence; together with evidence of Jones's fingerprint on the screen and the other evidence previously recited is sufficient evidence to support Jones's conviction.

Jones relies on the cases of *Bowen v. State,* 460 S.W.2d 421 (Tex.Crim.App.1970); *Caudillo v. State,* 318 S.W.2d 891 (Tex. Crim.App.1958); and *Broussard v. State,* 658 S.W.2d 784 (Tex.App.—Beaumont 1983, no pet.).

In *Bowen*, the defendant was convicted of burglary when his fingerprints were found on batteries inside a flashlight that had been used in a burglary. The fingerprints matched Bowen, who was extradited from Oklahoma. The court noted that he was extradited from Oklahoma and that there was no showing that he had ever been in Houston, the site of the burglary or in the State of Texas. The court held that this evidence did not necessarily show that the print was made at the time of the burglary. *Bowen*, 460 S.W.2d at 423. We believe that in this case the evidence more directly shows that the print must have been made at the time of the burglary. Also, we note that since *Bowen*, the court has qualified the test by noting, in *Phelps*, that it does not supplant the more general test of the sufficiency of the evidence that applies in all circumstantial evidence cases.

In *Caudillo*, the court held that evidence of the defendant's fingerprint on a window screen was insufficient, where other evidence showed that the defendant had helped to paint the house four months previously. *Caudillo*, 318 S.W.2d at 892. In this case there is no evidence of any reasonable hypothesis as to how Jones's fingerprint might have been innocently placed on the screen. Finally, we note that in *Broussard*, the court merely restated the rule in *Caudillo* and noted that the evidence in that case was sufficient due to testimony of the defendant. *Broussard*, 658 S.W.2d at 785–86.

■ At trial, Jones attempted to show an alternative reasonable hypothesis for the burglary in that a former roommate of the complainant had a motive to commit the burglary. In an offer of proof, defense counsel elicited from the complainant that she had a female roommate whom she asked to leave upon learning that the roommate was using cocaine. This occurred approximately two months prior to the burglary. However, no money or property was taken by the roommate prior to moving out, and the roommate did not threaten the complainant upon her request that she leave. Also, some of the photography equipment taken was quite heavy, and the complainant stated that the burglar must have been "pretty strong" in order to remove such equipment from the premises.

In view of the entirety of the record, we hold that there was ample evidence to support Jones's conviction, and that the evidence does not support a reasonable alternative hypothesis for the commission of the offense. Points of error one and two are overruled.

In point of error number three, Jones complains that the trial court erred in excluding the evidence concerning the motive of the complainant's former roommate for committing the offense. Defense counsel presented this evidence by way of an offer of proof, but the State's relevancy objection was sustained.

■ The general rule is that an accused may not bring in evidence that a third person may have had a motive to commit the crime with which the accused is charged. *Spence v. State*, 795 S.W.2d 743, 754–55 (Tex.Crim.App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1339, 113 L.Ed.2d 271 (1991). Although an exception exists if the accused can link the third person to the crime, *id.*, Jones presented no evidence that would do so. We overrule point of error number three.

■ In Jones's fourth point of error, he contends that the trial court erred at the punishment phase in admitting a pen packet containing an order revoking his probation which was uncertified by the district clerk of the convicting court, thus constituting inadmissible hearsay. Although the order did not contain the certification of the district clerk of the convicting court, the copy of the order contained in the pen packet did contain the proper certification of the records clerk at TDCJID (Texas Department of Criminal Justice, Institutional Division).

■ We agree with the State that pursuant to *Reed v. State*, 811 S.W.2d 582, 586–87 (Tex.Crim.App.1991) (opinion on reh'g), the proper certification of a judgment and sentencing order by the records clerk of TDCJID is sufficient authentication under both TEX.R.CRIM.EVID. 901 and TEX.

R.CRIM.EVID. 902(4). In construing these two rules, the court in *Reed* expressly overruled *Dingler v. State,* 768 S.W.2d 305 (Tex.Crim.App.1989). Therefore, as the order revoking probation was properly authenticated, it was admissible at the punishment phase of trial. Point of error number four is overruled.

The judgment is affirmed.