NO. 07-03-0237-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 4, 2005

_____

MILO WILLIAMS AKA JON THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13,686-C; HONORABLE JACK D. YOUNG, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Milo Williams, aka Jon Thompson, was convicted by a jury of burglary of a habitation, enhanced, and punishment was assessed at 60 years confinement and a $5,000 fine. Presenting four points of error, appellant

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

maintains the evidence is (1) legally and (2) factually insufficient to support a finding of guilt, (3) the trial court erred in denying his requested charge for a lesser included offense, and (4) the State failed to prove that venue was proper. We affirm.

On March 27, 2001, between 7:30 a.m. and 7:45 a.m., Jerry Kochaniuk left home to go to work. At approximately 10:00 a.m., his daughter entered the home through the rear entry garage and discovered the house had been ransacked. She immediately went to a neighbor's house to call her father. Jerry called the police to report a possible burglary and met them at the residence. Officers noticed a screen from a window at the back of the house out of place. Jerry testified that his wife kept their home neat and clean and that when he left for work, everything was in place. However, when he and investigating officers walked through the house they discovered things in disarray with items knocked down, drawers overturned, things out of place, and cabinets and closets open. An old cigar box from Jerry's college days that was usually stored on the top shelf of an armoire was on the bed. It was not regularly handled, but was occasionally dusted. Jerry's shotgun and another he had borrowed from a friend were missing from the master bedroom closet.

The scene was processed and trained officers dusted for fingerprints. A sufficient fingerprint from the cigar box was checked on an automated fingerprint identification system that produced a list of possible candidates for comparison. The result showed Jon Thompson as the person who contributed the fingerprint on the cigar box, and further investigation revealed a match to Milo Williams as the same person. A palm print taken

2

from a window sill and other fingerprints lifted from items that appeared handled were not, however, a match.

By his first two contentions, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). In conducting a legal sufficiency review, we examine the verdict, after viewing the evidence in the light most favorable to the prosecution, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). This standard is the same in both direct and circumstantial evidence cases. *Burden*, 55 S.W.3d at 612-13. In measuring the sufficiency of the evidence to sustain a conviction, we measure the elements of the offense as defined by a hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Cr.App. 1997). This is done by considering all the evidence that was before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but

3

must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review.  *Clewis*, 922 S.W.2d at 133.  As an appellate court, we view all the evidence without the prism of in the light most favorable to the prosecution and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000).  It is the exclusive province of the jury to determine the credibility of the witnesses and the weight to be given their testimony, and unless the record clearly demonstrates a different result is appropriate, we must defer to the jury's determination.  *Id.* at 8.

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove.  A person commits the offense of burglary of a habitation if he enters a habitation without the consent of the owner and commits or attempts to commit a felony, theft, or an assault.  Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 2003).  In circumstantial evidence cases it is not necessary that every fact point directly and independently to the accused's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances.  Johnson v. State, 871 S.W.2d 183, 186 (Tex.Cr.App. 1993), *cert. denied*, 511 U.S. 1046, 114 S.Ct. 1579, 128 L.Ed.2d 222 (1994); Armstrong v. State, 958 S.W.2d 278, 283 (Tex.App.--Amarillo 1997, pet. ref'd).

4

Where, as here, the State did not prove that appellant was in possession of the stolen shotguns nor was there any eye witness testimony that appellant burglarized the home, for the conviction to stand, it must do so solely on the fingerprint evidence. *See* Bowen v. State, 460 S.W.2d 421, 423 (Tex.Cr.App. 1970). Fingerprint evidence alone is sufficient to sustain the conviction if the evidence shows appellant's print from the cigar box was necessarily made at the time of the burglary. Phelps v. State, 594 S.W.2d 434, 435 (Tex.Cr.App. 1980); *see also* Gomez v. State, 905 S.W.2d 735, 740 (Tex.Cr.App. 1995), *aff'd*, 962 S.W.2d 572 (Tex.Cr.App. 1998).

Jerry and his daughter both testified that neither of them knew appellant and he did not have permission to be in their home. Although only one fingerprint on a cigar box that had been moved from the top shelf of an armoire indicated appellant's presence in the home, the condition of the home indicated his intent to commit theft. Intent may be inferred from the events of the burglary and surrounding circumstances. McGee v. State, 923 S.W.2d 608 (Tex.App.–Houston [1st Dist.] 1995, no pet); *see also* Dues v. State, 634 S.W.2d 304, 305 (Tex.Cr.App. 1982). A window screen at the rear of the home had been removed and inside the home drawers had been overturned, items knocked over, closets and cabinets opened, and stored suitcases had been moved. Jerry testified that his shotgun and another he had borrowed from a friend were missing from the bedroom closet. The evidence presented by the State is legally sufficient to support appellant's conviction. Point of error one is overruled.

Officer Jimmy Rifenberg testified about the procedure for lifting latent fingerprints and explained that it is not possible to date a print. Jerry testified that Mrs. Kochaniuk dusted on a regular basis and the cigar box was not handled much. One of the investigating officers testified that a well dusted area is more suitable for lifting sufficient prints. Jerry and his daughter testified they were not acquainted with appellant. The evidence negates the possibility that the fingerprint on the cigar box was made prior to the time of the burglary and supports the jury's finding that it was necessarily made at the time of the burglary. The combined and cumulative force of the evidence is factually sufficient to support appellant's guilt. Point of error two is overruled.

By his third point, appellant alleges the trial court erred in denying his requested instruction that the jury charge include the lesser included offense of criminal trespass. We disagree. The decision whether to include an instruction on a lesser included offense requires a two-step analysis. Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Cr.App. 1993), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). First, the lesser included offense must be included within the proof necessary to establish the offense charged, and second, there must be some evidence that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.*; *see also* Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981).

As previously noted, burglary of a habitation occurs when a person, without the effective consent of the owner, enters a habitation and commits or attempts to commit a

felony, theft, or an assault. Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 2003). A person commits criminal trespass if he enters or remains on or in property of another without effective consent and had notice that the entry was forbidden or received notice to depart but failed to do so. § 30.05(a). Criminal trespass is a lesser included offense of burglary. *See* Day v. State, 532 S.W.2d 302, 306 (Tex.Cr.App. 1975); *see also* Wyble v. State, 764 S.W.2d 927, 929 (Tex.App.–Amarillo 1989, pet. ref'd). Thus, the first prong of *Rousseau* is satisfied.

In order to meet the second prong of the *Rosseau* analysis, there must be some evidence in the record that appellant is only guilty of criminal trespass. Officer Chris McGilvery's investigation revealed that two Hispanic males had been seen in the vicinity of the Kochaniuk residence on the day of the burglary. Even though no identification was ever made, appellant argues they could have committed the burglary and the jury was denied the opportunity to so conclude. He further asserts that because no stolen property was connected to him he is only guilty of criminal trespass. Burglary, however, may be proved by circumstantial evidence and the State is not required to prove a defendant possessed the stolen property. *See* Groome v. State, 957 S.W.2d 919, 922 (Tex.App.–Texarkana 1997, no pet.).

The evidence does not support a conclusion that appellant was only guilty of the lesser included offense of criminal trespass. The events of the burglary, *i.e.*, the house being ransacked, and his fingerprint on an out-of-place cigar box indicate that appellant

7

entered the Kochaniuk residence with intent to commit theft and, in fact, a theft was committed–two shotguns were taken from the bedroom closet. Thus, the second prong of *Rosseau* is not demonstrated by the evidence and the trial court did not err in refusing to instruct the jury on the lesser included offense of criminal trespass. Point of error three is overruled.

By his final contention, appellant claims the State failed to prove venue was proper in Randall County, Texas. We disagree. Venue is a place where a case may be tried. Ex parte Watson, 601 S.W.2d 350, 351 (Tex.Cr.App. 1980). It is not a constituent element of the offense. Fairfield v. State, 610 S.W.2d 771, 779 (Tex.Cr.App. 1981). The burden is on the State to prove venue by a preponderance of the evidence and it may be established by direct or circumstantial evidence. Black v. State, 645 S.W.2d 789, 790 (Tex.Cr.App. 1983); *see also* Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 1977). Article 13.14 of the Code provides in relevant part:

> An offense committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties . . . .

Texas courts judicially recognize that Amarillo lies in both Randall and Potter Counties. Bruce Campbell & Son Const. Co., Inc. v. Britton Drive, Inc., 527 S.W.2d 852, 854 (Tex.App.–Waco 1975, no writ). Jerry testified that most of his home is located in Randall County and that he pays taxes and votes in Randall County. His daughter testified the home is located in Randall County. Under the preponderance of evidence standard, the

8

evidence is sufficient to support that venue was proper in Randall County. *See generally*

Knorpp v. State, 645 S.W.2d 892, 900 (Tex.App.–El Paso 1983, no writ). Point of error four

is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.