Michael Wayne **STEWART**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–87–00738–CR.

Court of Appeals of Texas, Dallas.

July 29, 1988.

Rehearing Denied Sept. 8, 1988.

David Cunningham, Bob Wicoff, Houston, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before HOWELL, DEVANY and BAKER, JJ.

BAKER, Justice.

Michael Wayne Stewart appeals his jury conviction of constructive delivery of a controlled substance. He was assessed punishment of five years' confinement and a $1,000.00 fine. He appeals on four points of error, the first of which is that the evidence is insufficient to support the conviction of delivery by constructive transfer. Because we agree that the evidence is insufficient, we reverse the judgment and order a judgment of acquittal entered.

The record reveals that undercover Dallas Police Officers Shaw and Welsh were approached by Ronnie Elrod to arrange the sale of the drug Ecstasy to the officers. Elrod instructed the officers to wait in their car while he retrieved the drugs. Approximately forty minutes later, the officers observed a brown Oldsmobile driven by appellant parked about one block behind the officer's undercover car. A few moments later, Elrod pulled up in a black Camaro and parked behind the appellant's car. Elrod left his car and entered the appellant's. Officer Welsh testified that he saw Elrod carrying a bag crunched up in his hand when he entered the appellant's car. However, Officer Bruce McDonald, another undercover officer observing the transaction from directly across the street from appellant's car, disagreed. He stated that Elrod did not have a bag with him when he entered the appellant's car but did have one when he left. After a minute or so, Elrod left the appellant's car, reentered the Camaro, and drove it to where the police officers were parked and waiting. Meanwhile, appellant drove off. Once Elrod joined the officers, he produced a bottle containing 940 tablets of Ecstasy from the bag; and he was arrested.

A short time later, Officer Fred MacDonald arrested appellant at a nearby convenience store. Appellant's car was searched, and several documents were found scattered throughout the car. Among the documents was a note pad which contained phone numbers and the following notations: "1500 at $8.50, Lisa— 3x bottles." Officer Bruce McDonald testified that the note pad contained notations similar to those used by drug dealers to record drug transactions.

All of the officers involved in the transaction testified that they could not see into appellant's car. They did not see any drugs change hands, nor could they hear the conversation between appellant and Elrod. Further, they did not see Elrod or appellant place any drugs in the bag and had no idea when the drugs were actually placed in the bag and by whom. Although Officer McDonald testified that, in his opinion, Elrod, at the time he entered appellant's car, could not have been carrying the bottle of drugs on his person because of its size, he agreed that it was possible that Elrod could have placed the drugs in the

bag after he left the appellant's car and while he drove to the officers' car. In addition, no fingerprints were recovered from the bottle containing the drugs. Although the note pad recovered from appellant's car contained notations similar to those used by drug dealers, none of the notations connected appellant to the drugs delivered to the undercover officers. Based on the foregoing evidence, the jury found appellant guilty of the offense of constructive delivery of a controlled substance.

In his first of four points of error, the appellant argues that the evidence is insufficient to support his conviction for constructive transfer of a controlled substance because it does not show that he had direct or indirect control over the drugs or that he was aware of the existence of the undercover officers to whom the drugs were ultimately delivered. We agree.

On appeal, the standard for measuring the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984). This standard applies to cases involving circumstantial evidence as well as those involving direct evidence. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). In applying this standard of review to circumstantial evidence cases, the exclusion-of-every-reasonable-hypothesis-but-guilt test is used. *Denby v. State*, 654 S.W.2d 457 (Tex.Crim.App.1983). That is, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Autry v. State*, 626 S.W.2d 758, 761 (Tex.Crim. App.), *cert. denied*, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982). Proof amounting to only a strong suspicion or mere probability is insufficient. *Schershel v. State*, 575 S.W.2d 548, 550 (Tex.Crim.App. 1979). Mere presence in the vicinity of a controlled substance is not sufficient to sustain the State's burden of proof. *See Humason v. State*, 728 S.W.2d 363 (Tex. Crim.App.1987). In this case, appellant was indicted on a charge that alleged "[he] did then and there unlawfully, knowingly and intentionally deliver, to wit: actually transfer and constructively transfer a controlled substance, namely: 3, 4 METHYLENE–DIOXY METHAMPHETAMINE in an amount by aggregate weight including any adulterants or dilutants of less than 28 grams, to C.E. SHAW."

Appellant's conviction was for constructive transfer of the controlled substance. The term "constructive transfer" has not been defined by the Legislature, either in the Controlled Substances Act, the Penal Code, or elsewhere. However, in the very recent case of *Daniels v. State*, 754 S.W.2d 214 (Tex.Crim.App.1988), the Texas Court of Criminal Appeals held that with regard to the meaning of "constructive transfer," the following rules are applicable:

1. Prior to the alleged delivery, the transferor must have either direct or indirect control of the substance transferred.
2. The transferor must know of the existence of the transferee.

*Daniels v. State*, at 221–22. *See also Rasmussen v. State*, 608 S.W.2d 205 (Tex. Crim.App.1980); *Gonzalez v. State*, 588 S.W.2d 574, 577 (Tex.Crim.App.1979). Accordingly, in order to secure a conviction, the State has to prove both of these elements. We conclude from the record that the evidence is insufficient to sustain the conviction. Although the police officers testified that Elrod entered appellant's vehicle, there was no showing that appellant had direct or indirect control over the substance in question, nor does the evidence reflect that Elrod was acting as appellant's agent or under his direction. *See Rasmussen v. State*, 608 S.W.2d at 210. Further, the evidence shows that Shaw, the receiving undercover agent, did not receive the amphetamines until after appellant had left the scene in his car. There is no showing that appellant knew that Shaw was to be the ultimate recipient of the amphetamines.

The evidence fails to meet the knowledge requirement. *See Gonzalez v. State,* 588 S.W.2d at 578. There is nothing in the record to show that appellant *knew* that he was making a transfer of the amphetamines, either actual or constructive, to Shaw.

Applying the standard of review previously enunciated, no rational trier of the facts could have found all the essential elements of the offense charged beyond a reasonable doubt. *Jackson v. State,* 672 S.W.2d at 803. Because the evidence is insufficient, the conviction must be set aside and an acquittal ordered. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment of the trial court is reversed, and an order of acquittal rendered.