James Edward JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–91–01793–CR.

Court of Appeals of Texas,
Dallas.

Oct. 25, 1996.

Ross Teter, Fred L. Tinsley, Dallas, for appellant.

Zahn F. Reuther, Assistant District Attorney, Dallas, for State.

Before MALONEY, JAMES and MOSELEY, JJ.

## OPINION

JAMES, Justice.

James Edward Jones appeals his conviction for burglary of a building. The jury found appellant guilty and sentenced him to thirty-five years' confinement. In his sole point of error, appellant contends the evidence is legally insufficient to support his conviction. We overrule appellant's point of error and affirm the trial court's judgment.

## FACTUAL BACKGROUND

Rosie Karrick, the owner and operator of a beauty salon, testified she closed her salon at approximately seven p.m. on April 5, 1991. The following morning at eight, Karrick returned to open the salon. She saw broken glass lying on the sidewalk. Karrick described the appearance of the storefront. It consisted of four plate-glass windows—two large plates of glass at the top and two smaller plates of glass running along the bottom of the storefront approximately two-and-a-half feet from the ground. Only the lower right window was broken. The front and back doors, however, remained locked. After calling the police, Karrick noticed five dollars and some electric clips missing.

Karrick stated that no one touched the broken glass or window during the hour-and-a-half time span between her call to the police and their arrival at the scene. Karrick had never seen appellant before and did not give him permission to enter her salon.

Officer Roquemore testified that upon her arrival to the scene, she dusted the pieces of glass and broken window for fingerprints. Officer Roquemore turned over three latent prints to Detective Martindale who analyzed

the prints and determined one of the prints belonged to appellant. Detective Martindale admitted during cross-examination that prints could remain on a glass surface for several weeks if not affected by conditions such as weather, temperature, humidity, and dust.

No one could ascertain whether the fingerprints were found on the inside or the outside of the broken window. The State, however, argued the lower window was the point of entry to and exit from the salon.

Appellant's sister testified for the defense. She stated appellant was at her house from the night of April 5, 1991 through the morning of April 6, 1991.

## SUFFICIENCY OF THE EVIDENCE

In his sole point of error, appellant contends the evidence is legally insufficient to support his conviction.

### Standard of Review

In reviewing the legal sufficiency of the evidence for both direct and circumstantial evidence cases, the appellate court examines evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Adanandus v. State,* 866 S.W.2d 210, 215 (Tex.Crim.App.1993); *Stewart v. State,* 756 S.W.2d 798, 800 (Tex.App.—Dallas 1988, pet. ref'd). Appellant's trial for burglary of a vehicle and unauthorized use of a vehicle commenced October 28, 1991 and the jury returned their verdict on October 29, 1991. When reviewing circumstantial evidence cases tried before November 6, 1991, we use the "reasonable hypothesis analytical construct" to determine the sufficiency of the evidence. *See Geesa v. State,* 820 S.W.2d 154, 158 (Tex.Crim.App.1991). Any conviction based on circumstantial evidence must exclude every reasonable hypothesis other than appellant's guilt. *Turro v. State,* 867 S.W.2d 43, 47 (Tex.Crim.App.1993); *Carlsen v. State,* 654 S.W.2d 444, 447 (Tex.Crim.App. 1983). This construct does not require that

circumstances exclude every hypothesis other than the guilt of the accused, but the hypothesis of guilt must be reasonable and consistent with the facts and circumstances surrounding the crime. *See Carlsen,* 654 S.W.2d at 447. Thus, the State must exclude every other reasonable hypothesis raised by the evidence tending to exonerate the accused. *McIntosh v. State,* 855 S.W.2d 753, 763 (Tex.App.—Dallas 1993, pet. ref'd).

▮ The jury is the sole judge of the witnesses' credibility and the weight to be accorded trial testimony. *See Banda v. State,* 890 S.W.2d 42, 50 (Tex.Crim.App. 1994). As such, the jury may resolve conflicts in the evidence, accept one version of the facts, disbelieve a party's evidence, and resolve any inconsistencies in favor of either party. *McIntosh,* 855 S.W.2d at 763. In addition, the jury is free to disbelieve alibi witnesses. *See Hester v. State,* 909 S.W.2d 174, 178 (Tex.App.—Dallas 1995, no pet.). If conflicting inferences exist, we must presume the trier of fact resolved any conflict in favor of the prosecution. *See Turro,* 867 S.W.2d at 47.

### Applicable Law

A person commits burglary of a building if, without the effective consent of the owner, he enters a building not then open to the public with intent to commit a felony or theft. *See* TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1991).

▮ When examining burglary cases in which the only proof of identification is fingerprint evidence, we must consider whether the object was accessible to the defendant at another time. *See Nguyen v. State,* 783 S.W.2d 1, 2 (Tex.App.—Dallas 1989, no pet.). Fingerprint evidence will be insufficient to exclude every other reasonable hypothesis only if there is evidence the fingerprint could have been left at a time other than the burglary. *Id.*

### Application of Law to Facts

▮ Appellant argues the State's only evidence linking him to the offense is his fingerprint on the broken glass. Because the State failed to provide direct evidence that appel-

lant necessarily left his fingerprint at the time of the burglary, appellant concludes there is an alternative reasonable hypothesis that he left his fingerprint prior to the burglary.

Appellant relies on *Young v. State,* 731 S.W.2d 172, 174 (Tex.App.—Dallas 1987, no pet.), to support his alternative reasonable hypothesis that his fingerprint could have been left at another time. In *Young,* however, the defendant introduced evidence showing he had access to the window in question prior to the burglary. *See id.* at 175–76. The evidence showed Young worked in the complainant's yard and used the bathroom in her house on at least one prior occasion. *Id.* Young presented evidence to support an alternative reasonable hypothesis. It was reasonable for the trier of fact to conclude Young's fingerprint could have been left on the window when he used the complainant's bathroom. Thus, in *Young,* the State failed to disprove an alternative reasonable hypothesis raised by the evidence.

In this case, however, there is no evidence to suggest an alternative reasonable hypothesis. There is no evidence appellant had an opportunity to touch the window other than during the course of the burglary. The evidence conclusively established the existence of appellant's fingerprint on the broken window. The State argued the broken window was the point of entry to and exit from the salon during the course of the burglary. Karrick testified no one had permission to enter her salon after closing the night of April 5, 1991. To Karrick's knowledge, appellant had never been in her salon and therefore he did not accidentally touch the inside of the window.

Appellant presented no evidence showing he had access to the outside of the lower right window prior to the burglary. Although appellant elicited testimony from Detective Martindale that a fingerprint could survive on glass for several weeks and still be readable, he presented no evidence he touched the window prior to the burglary. There is no evidence appellant was at the salon prior to the burglary or in a position to leave his fingerprint on the lower window. Because there is no evidence in the record to

suggest an alternative reasonable hypothesis, we will not speculate as to any other reason appellant's fingerprint could have been on the window.

 Appellant argues his alibi is an alternative reasonable hypothesis. While the State argued the fingerprint conclusively linked appellant to the offense, appellant argued his alibi should exonerate him. Although the alibi places appellant at a different place during the burglary, it does not explain appellant's fingerprint on the broken glass. If believed, the alibi could have raised a reasonable doubt regarding appellant's guilt, but standing alone it is not an alternative reasonable hypothesis because it does not explain the existence of appellant's fingerprint on the window. The jury, moreover, convicted appellant, and therefore we presume the jury resolved the conflict between the fingerprint identification and the alibi testimony in favor of the prosecution. *See Turro,* 867 S.W.2d at 47. Accordingly, we overrule appellant's sole point of error.

We affirm the trial court's judgment.