**Affirmed as Modified and Opinion Filed May 11, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00482-CR

### JOVONISH DAVOE ARNOLD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 282nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1420106-S

## MEMORANDUM OPINION
Before Justices Bridges, Evans, and Richter[1]
Opinion by Justice Bridges

A jury convicted appellant Jovonish Davoe Arnold of possession with intent to deliver one or more but less than four grams of cocaine. The jury assessed punishment, enhanced by two prior convictions, at twenty-five years' confinement. He raises three issues on appeal. He first challenges the sufficiency of the evidence to support his conviction. In two remaining issues, he challenges the admission of evidence supporting the enhancement paragraphs and the sufficiency of the evidence to support the enhancement paragraphs because the State failed to read the enhancement paragraphs before resting its case. As modified, we affirm the trial court's judgment.

---

[1] The Hon. Martin Richter, Retired Justice, sitting by assignment.

**Background**

On February 17, 2014, Officer Jermaine Brumsfield executed an arrest warrant for appellant in the parking lot of a gas station. When appellant saw officers approaching, he reached his hand towards his waistband and officers thought he had a weapon. Officers tackled him to the ground and handcuffed him. Officer Brumsfield noticed a baggie of drugs in appellant's crotch area. The baggie contained multiple smaller, clear plastic baggies with what appeared to be a "cocaine substance."

During appellant's jury trial, the main issue was the weight of the drugs seized from appellant. Appellant challenged the credibility of officers and their method for determining the weight of the drugs. He also attempted to cast doubt on the chain of custody of the drugs before they arrived at the crime lab for forensic analysis. Despite contradictory evidence as to the weight of the narcotics, the jury found appellant guilty of possession with intent to deliver one or more but less than four grams of cocaine.

**Sufficiency of the Evidence**

In his first issue, appellant challenges the sufficiency of the evidence to support his conviction because based on the contradictory testimony of several State witnesses, he alleges the State failed to prove beyond a reasonable doubt that he was guilty of possession with intent to deliver over one gram of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (West 2010). The State responds the record contains no definitive evidence the cocaine found on appellant weighed less than one gram, and the jury was free to resolve any conflicts in evidence in its favor.

In a legal sufficiency review, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The

jury, as the sole judge of witness credibility, is free to believe or disbelieve all or part of a witness's testimony. *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The jury may also accept one version of the facts and resolve inconsistencies in favor of either party. *Jones v. State*, 936 S.W.2d 678, 680 (Tex. App.—Dallas 1996, no pet.).

Appellant's sufficiency challenge focuses on the discrepancies of the weight of the cocaine. Officer Brien Wargacki testified he used a digital scale in the police department's property room to weigh the drugs with the packaging. It totaled seven grams. He then used the "Dallas County Sherriff's Office baggy chart" to determine the weight of an individual baggie. He took one of the smaller baggies from the larger one and matched it to the size on the chart. He then used the weight assigned to that size baggie (0.1 grams) and multiplied it by fifty-three (the number of baggies recovered from appellant) to get the total weight for all the baggies (5.9 grams).[2] He subtracted that number from the total weight of the baggies with the narcotics and arrived at 1.1 grams. He explained he did not weigh the baggies or the drugs separately because of the danger of losing some of the evidence during the transfer between the baggies and the scale.

Jane Bivens, the property and evidence technician, submitted a report stating the gross weight of the narcotics equaled 6.4 grams with a net weight of 1.1 grams. She later submitted the evidence for analysis to the Texas Department of Public Safety crime lab.

Meagan Richey, a forensic scientist with the TDPS crime lab, analyzed the fifty-three plastic baggies, each containing a white, rock-like substance. Lab tests confirmed the substance was cocaine. She explained the process of weighing by difference, which meant she weighed the fifty-three baggies on the scale together with the narcotics inside. Then she weighed the individual packaging and subtracted the weight from the before-analysis weight. Her net weight,

---

[2] He later admitted to miscalculating the amount and acknowledged that the correct calculation totaled 5.3 grams.

without packaging, totaled 3.66 grams. She explained the "uncertainty factor" was 0.17 grams, which meant "if someone were to weigh that same thing on my scale on a different day, they would get my weight plus or minus .17 grams." She further explained, "that's not saying my weight is incorrect."

Despite the discrepancies in testimony regarding the weight of the drugs, the jury never heard any testimony that the amount of the narcotics seized from appellant weighed less than one gram, which was the threshold for the offense. Further, Officer Wargacki admitted his calculation was a mistake because "somewhere the weights were off" and he "guessed" it might have been because the size of the baggies did not match the correct weight on the chart.

The jury was free to resolve the conflicts in evidence and even if they disbelieved Wargacki's and Biven's testimony, Richey testified, as the forensic scientist, that the drug weight totaled 3.66 grams. Accordingly, the State's evidence was legally sufficient to support appellant's conviction. We overrule appellant's first issue.

### Admission of Exhibits During Punishment

In his second issue, appellant argues the trial court erred by admitting State's Exhibits 20-24 because the State failed to authenticate the pen packets and instead simply introduced photocopies of the documents.[3] The State responds the exhibits were self-authenticating, and the testimony of another witness satisfied its burden for admission of the prior convictions for enhancement purposes.

The trial court has broad discretion to admit evidence it considers relevant to sentencing, including admitting a defendant's criminal record. *Jones v. State*, 111 S.W.3d 600, 607 (Tex.

---

[3] The admitted documents were certified copies of criminal judgments summarized as followed: (1) State's Exhibit 20: unlawful possession of cocaine in January 2003 with five years' confinement; (2) State's Exhibit 21: unlawful possession of cocaine in December 1999 with 180 days' confinement in jail; (3) State's Exhibit 22: possession with intent to deliver cocaine in November 2008 with five years' confinement; (4) State's Exhibit 23: robbery in December 2000 with motion to revoke granted in June 2003 and sentenced to five year's confinement; and (5) State's Exhibit 24: possession with intent to deliver cocaine in April 2003 with five years' confinement.

–4–

App.—Dallas 2003, pet. ref'd). Under the penal code, if, during the punishment phase of trial, the State proves that the defendant has been previously finally convicted of two felony offenses, then the defendant's minimum punishment is enhanced to twenty-five years' confinement. TEX. PENAL CODE ANn. § 12.42(d) (West Supp. 2015).

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. There is no "best evidence" rule in Texas that requires the fact of a prior conviction be proven with any document, much less any specific document. *Id.* While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 922.

Whether the State meets its burden of linking the conviction with the defendant is a matter of conditional relevancy, meaning the relevance of a prior conviction is conditioned upon the production of evidence sufficient to show the defendant is one in the same. *Davis v. State*, 268 S.W.3d 683, 715 (Tex. App.—Fort Worth 2008, pet. ref'd). This does not mean, however, that the State must provide such linking evidence before the trial court can properly admit a pen packet. *Id.* Evidence should not be excluded merely because its relevance may depend upon the production of additional evidence at a later point in the trial. *Id.* Therefore, when authenticated copies of conviction records are offered into evidence to prove that a prior conviction is part of a

–5–

defendant's prior criminal record, it is not essential that supporting identification evidence precede the admission of the conviction evidence. *Id.*

Here, the State offered certified copies of State's Exhibits 20-24. As certified public records, they were self-authenticating under Texas Rule of Evidence 902(4). *See* TEX. R. EVID. 902(4); *see also Bruton v. State*, 428 S.W.3d 865, 875 (Tex. Crim. App. 2014). Appellant argues, however, that the certified copies were still insufficient because the State failed to put forth independent evidence he was the same person named in the prior convictions thereby linking him to the prior convictions. He supports his argument with the fact that Officer Manjarrell Burnett did not compare and link appellant's fingerprints to the complained-of exhibits until after the trial court admitted them. However, supporting identification evidence need not precede the admission of the conviction evidence. *Davis*, 268 S.W.3d at 715. The record shows Officer Burnett took appellant's fingerprints on the morning of the punishment hearing, and these prints were admitted as State's Exhibit 28. After the trial court admitted State's Exhibits 20-24, the State then questioned Officer Burnett about each individual conviction and asked if he matched the fingerprints from State's Exhibit 28 with the fingerprints in State's Exhibits 20-24. He answered affirmatively. He also testified that "according to the information in those prints," he believed the person convicted of the offenses was "one and the same as the person sitting in the courtroom today." He had no doubt appellant had served five-year sentences in the penitentiary on two different occasions.

In addition to Officer Burnett's testimony, appellant's prior convictions were established through the testimony of Karon Cerqueda, appellant's fiancée. She testified appellant had been to the penitentiary twice for a robbery/drug possession case in 2003 and for a possession with intent to deliver conviction in 2008.

Accordingly, although the trial court admitted the exhibits before the State provided additional identification evidence, the State established that appellant was the same person previously convicted of two prior felonies for enhancement purposes. Linking appellant to the prior convictions made them relevant to the jury's determination of the appropriate punishment. Therefore, the trial court did not abuse its discretion by admitting State's Exhibits 20-24. We overrule appellant's second issue.

### Reading of Enhancement Paragraphs

Appellant argues in his third issue that the evidence is insufficient to support the enhancement paragraphs because the State offered the evidence before the enhancement paragraphs were read to the jury and he entered his pleas of not true. He contends the error resulted in harm that affected his substantial rights. The State responds the legal sufficiency of the evidence to support the enhancement paragraphs was not undermined by any alleged error in the order of proceedings and even if it was error, the error was harmless.

In assessing the legal sufficiency of the evidence pertaining to a punishment enhancement, we determine whether, based on all of the record evidence viewed in the light most favorable to the verdict, a rational jury could have made the finding beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Mitchell v. State*, No. 01-09-00865-CR, 2011 WL 1755424, at *2 (Tex. App.—Houston [1st Dist.] May 5, 2011, pet. ref'd) (mem. op., not designated for publication).

Before it was brought to the trial court's attention that the State had not read the enhancement paragraphs to the jury and that appellant had not pleaded to them, the State introduced certified copies of appellant's prior convictions. The jury heard Officer Burnett's testimony in which he confirmed appellant's fingerprints matched those from the prior convictions. Defense counsel also referenced appellant's prior convictions during closing

argument. Counsel's admission constitutes sufficient evidence of appellant's prior convictions. *See Cuellar v. State*, No. 05-11-01700-CR, 2013 WL 3952043, at \*7 (Tex. App.—Dallas Aug. 1, 2013, no pet.) (not designated for publication). Accordingly, there was sufficient evidence that appellant was convicted of the crimes alleged in the two enhancement paragraphs, and the State's failure to reintroduce this evidence after appellant pleaded to the enhancement paragraphs does not alter this Court's conclusion. *See Mitchell*, 2011 WL 1755424, at \*2 (concluding evidence sufficient to support enhancement paragraphs despite State introducing such evidence prior to reading of enhancement paragraphs and not reintroducing evidence after defendant pleaded to enhancements).

We now consider whether the trial court erred by failing to read the enhancement paragraphs and accepting appellant's pleas to the enhancements at the beginning of punishment. When an indictment includes a prior conviction for enhancement purposes only, the enhancement paragraph shall not be read until the punishment phase with the defendant immediately entering a plea following the reading of the paragraphs. TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (West 2007); *Jones v. State*, 111 S.W.3d 600, 610 (Tex. App.—Dallas 2003, pet. ref'd). The failure to read enhancement paragraphs and have a defendant enter a plea in the jury's presence is statutory error; therefore, a nonconstitutional error analysis is appropriate. TEX. R. APP. P. 44.2(b); *Stegall v. State*, No. 05-04-01283-CR, 2005 WL 1283541, at \*3 (Tex. App.—Dallas June 1, 2005, no pet.) (not designated for publication).

When reviewing nonconstitutional error under rule 44.2(b), we need only determine whether the error affected the defendant's substantial rights. *See Llamas v. State*, 12 S.W.3d 469, 471 n. 2 (Tex. Crim. App. 2000). In determining this, we must decide whether the error had a substantial or injurious effect on the jury's verdict. *Id.* In other words, after examining the

record as a whole, the appellate court must disregard the error if it has fair assurance that the error did not influence the jury or had but a slight effect. *Stegall*, 2005 WL 1283541, at *3.

The "key concern" in not reading the enhancement paragraphs and having the defendant plead to them is that the defendant could be misled into believing the State has abandoned the enhancement paragraphs. *See Turner v. State*, 897 S.W.2d 786, 789 (Tex. Crim. App. 1995). If this were to happen, "the defendant could take the stand and incriminate himself for purposes other than to subject himself to an enhanced sentence." *Id.* Here, however, appellant did not take the stand at the punishment hearing. In addition, as detailed above, the State introduced documents and testimony evidencing appellant's prior convictions, and the same were admitted into evidence at the beginning of the punishment hearing. Therefore, appellant was not misled into believing the State abandoned the enhancement allegations. *See, e.g.*, *Stegall*, 2005 WL 1283541, at *3; *Mitchell*, 2011 WL 1755424, at *5.

In light of this, we conclude the failure to read the enhancement paragraphs and appellant's pleas to the same at the beginning of the punishment hearing was harmless error. Appellant's substantial rights were not affected, and the error had no substantial or injurious effect on the jury's verdict on punishment. Accordingly, we overrule appellant's third issue.

**Modification of Judgment**

Our review of the record indicates an error in the final judgment. Our authority to modify incorrect judgments neither depends on the request of any party nor turns on a question of whether a party has or has not objected; we may act sua sponte and may have a duty to do so. *See Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd).

Here, the judgment incorrectly indicates "N/A" to the pleas of enhancement paragraphs and the findings on the enhancement paragraphs. The record indicates appellant pleaded "not true" to both enhancement paragraphs and the jury found both to be "true." Accordingly, we

modify the judgment to reflect appellant's pleas of "not true" to the enhancement paragraphs and the jury's findings of "true" as to both paragraphs.

## Conclusion

As modified, the judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150482F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOVONISH DAVOE ARNOLD, Appellant

No. 05-15-00482-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1420106-S.
Opinion delivered by Justice Bridges.
Justices Evans and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Plea to 1st Enhancement Paragraph: Not True
Plea to 2nd Enhancement/Habitual Paragraph: Not True

Findings on 1st Enhancement Paragraph: True
Findings on 2nd Enhancement/Habitual Paragraph: True

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered May 11, 2016.