**AFFIRMED and Opinion Filed November 12, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01226-CR**

**No. 05-23-01227-CR**

**TONY JAMAAL SCOTT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-86030-2023, 416-86031-2023**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

A jury convicted appellant of evading arrest with a previous conviction and theft with two or more previous convictions and sentenced him to nine years in prison in each case. In eight issues, appellant argues the trial court improperly admonished him to tell the truth, abused its discretion in refusing to appoint an attorney, denied his right to counsel, and erred in denying his motion for continuance. Appellant further argues the evidence is insufficient to support his convictions and the judgments incorrectly state that he waived counsel. Concluding appellant's arguments are without merit, we affirm the trial court's judgments.

## I. BACKGROUND

On the evening in question, a man wearing a black top, jeans, and a face and head covering visited a Tom Thumb store, put $1,324.82 worth of wine in two handcarts, and left without paying.

An officer responding to the theft stopped a black SUV leaving the Tom Thumb parking lot. The driver was detained, but a male wearing a black shirt, beanie, and jeans jumped out of the back of the SUV and fled. That individual, later identified as appellant, was arrested and charged with theft with two or more previous convictions and evading arrest with a previous conviction.

Appellant represented himself at trial and a jury found him guilty of the charged offenses. The jury assessed punishment at nine years in prison for each offense, with the sentences to run concurrently. Appellant now appeals from those judgments.

## II. ANALYSIS

### A. The Admonishment

Appellant's first issue argues the trial court improperly admonished him to tell the truth in a pretrial hearing. According to appellant, the judge's comments were threatening and intimidating and denied him due process. We disagree.

The complained-of exchange occurred at a pretrial hearing where appellant advised the court that he planned to represent himself:

THE COURT: All right. And Mr. Scott, you are proceeding with representing yourself; is that correct?

APPELLANT: Yes.

THE COURT: Okay. And let me ask you, do you swear to tell the truth under penalty of perjury?

APPELLANT: About what exactly?

THE COURT: Are you going to lie to the Court or are you going to tell the truth? I'm asking if you understand that there's penalties if you lie to the Court? So do you plan to tell the Court the truth in our conversation right now?

APPELLANT: I don't understand.

THE COURT: You don't understand what the truth is?

APPELLANT: I don't understand exactly what I'm not telling the truth about.

THE COURT: I'm not saying you're not telling the truth. I'm asking you are you going to tell me the truth today or are you going to lie?

APPELLANT: Exactly what am I telling the truth about?

The trial court went on to explain that appellant was being asked to tell the truth about the questions she was about to ask. Appellant asked to talk about the motions he filed. The trial judge said that she first needed to know if appellant was going to lie or tell the truth about whatever it is he wanted to talk about, but he responded that he did not understand the question.

It is not inherently improper for a trial judge to advise a prospective witness of the penalties for perjury. *Johnson v. State*, 208 S.W.3d 478, 503 (Tex. App.— Austin 2006, pet. ref'd). There is "no bright line of demarcation between proper and improper perjury warnings." *Id.* at 503 (internal quotations omitted). When

reviewing whether the warnings of a trial court altered a witness's testimony, courts consider the circumstances under which a perjury or other similar admonition was made to a witness, the tenor of the warning given, and its likely effect on the witness's intended testimony. *Garza v. State*, 248 S.W.3d 742, 744 (Tex. App.—Houston [1st Dist.] 2008, no pet.). If the admonition likely precluded a witness from making a free voluntary choice whether or not to testify, or changed the witness's testimony to coincide with the judge's or prosecutor's view of the facts, then a defendant's right to due process may have been violated. *Id.* at 744–45.

Appellant does not identify how the court's pretrial admonishment had any effect on his trial testimony. Instead, he generally claims he was denied due process because the "warnings about perjury" threatened and intimidated him.

The record reflects, however, that the trial court only admonished appellant to tell the truth once. The remainder of the exchange was directed to whether appellant understood what was meant by telling the truth. Appellant did not appear at the pretrial conference as a witness but rather, as an individual representing himself. At this point in the proceeding, there was no indication the judge knew that appellant planned to testify at trial.

Two and a half months after the pretrial admonishment, appellant testified at trial. Specifically, he maintained that he did not commit a crime. There is nothing to suggest that the pretrial admonishment effected appellant's decision to testify or caused him to change his testimony at trial. Appellant's first issue is overruled.

## B.     Appointment of an Attorney and Waiver of Counsel

Appellant's second and third issues argue he was denied counsel under the Sixth and Fourteenth Amendments to the U.S. Constitution. These arguments lack merit.[1]

Appellant does not ask us to review the trial court's determination that he was not indigent, and therefore not entitled to appointed counsel, so the question before us is whether appellant's decision to represent himself was voluntary.[2] Federal and state law guarantee a criminal defendant the right to the assistance of counsel, as well as the right to waive counsel and represent himself. *See* U.S. CONST. AMEND . VI & XIV; *see* TEX. CODE CRIM. PROC. ANN. art. 1.05; *Faretta v. California*, 422 U.S. 806, 807, 818–20 (1975); *Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002). A defendant should be warned of the dangers and disadvantages accompanying the waiver of the right to counsel and decision to self-represent. *Faretta*, 422 U.S. at 835; *Hatten*, 71 S.W.3d at 333. To be constitutionally effective, such a decision must be made competently, voluntarily, knowingly, and intelligently. *Godinez v. Moran*, 509 U.S. 389, 400–01 (1993); *Faretta*, 422 U.S. at 834–36; *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997). The decision is made

---

[1] Appellant's fourth issue argues the denial of counsel violated the Texas Constitution. But he provides no argument or authority to support this issue. Accordingly, it is waived for inadequate briefing. *See* TEX. R. APP. P. 38.1.

[2] Although appellant's issues refer to the trial court's "refusal to appoint counsel," appellant does not argue that he was indigent. Instead, he argues that his waiver of counsel was not knowing and voluntary.

voluntarily if it is uncoerced. *Collier*, 959 S.W.2d at 626. The decision is made knowingly and intelligently if made with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation. *Id*.

Here, appellant appeared in court on August 4, 2023 and informed the court that he would be representing himself. On August 18, 2023, appellant was admonished regarding his desire to self-represent. He had applied for a court-appointed attorney, but was ineligible because his $104,000 yearly income put him at 713% of the poverty rate. Appellant told the court he did not intend to hire counsel and would represent himself if he could not get a court-appointed attorney. The trial judge told appellant, "because there is jail time associated with this . . . I want to make sure you understand that it is my recommendation to you that you do not represent yourself unless you have a law degree I'm unaware of." Appellant confirmed that he did not have a law degree. The trial court expressed concern for appellant's ability to protect his rights because he had no legal background and discussed the numerous ways a lawyer could assist appellant with the case.

Appellant was given a two page form regarding the dangers and disadvantages of self-representation. When he signed the form, appellant checked the box stating:

> I DO NOT WANT A LAWYER. I have been advised by a District Court judge of my right to representation by counsel in the trial of the charge pending against me. I now know that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to counsel, I wish to give up that right, I request the court proceed

with my case without an attorney being appointed for me. I DO NOT EVEN WANT A LAWYER TO ADVISE ME ABOUT GIVING UP MY RIGHT TO A JURY TRIAL.

During a later appearance on September 1, 2023, the judge asked appellant if he still planned to represent himself. The judge admonished that due to the seriousness of the charges, "I am going to again urge you to consider hiring an attorney." When the judge explained discovery, appellant assured her that he was "fully aware" of his responsibility to pick up discovery.

Appellant subsequently filed numerous motions and other documents pro se, including a notice of acceptance and request for appearance bond, a motion challenging jurisdiction, a motion to dismiss, a motion to quash, a motion to show cause and suppress evidence, a notice of special appearance, and another motion challenging jurisdiction.

The court conducted a pre-trial hearing on November 3, 2023, and asked appellant if he still intended to represent himself. Appellant replied that he wanted "subject matter jurisdiction" to be proven first so that he would know what legal words to use. The judge responded that he was unlikely to know all the legal words because he did not go to law school, and that was one of the dangers and disadvantages of self-representation. When asked if it was still his intention to continue to represent himself, appellant said yes.

After the trial court addressed appellant's several pre-trial motions, appellant complained that he did not feel like he was going to get a fair trial because all his

motions were being denied. The judge again repeated her recommendation that appellant retain counsel in light of his reported income demonstrating he had sufficient means to do so.

Appellant then urged a motion for speedy trial, complaining that "[t]his is already over the amount of time even for a speedy trial because this case has been—I've been waiting on this case for a whole year-and-a-half . . . this case is way too old. I haven't even been to trial on the case. It's already been over a year-and-a-half." The trial court said that the trial was proceeding a week from Monday, so appellant's recourse for the speedy trial motion was to have the trial.

Appellant then asked for more time to prepare. When the judge asked whether he needed more time to retain counsel, appellant said he wanted to hire an attorney. The judge told him he was free to do so before the scheduled trial, but appellant did not retain counsel.

Given the numerous oral admonishments and the written waiver, we cannot conclude that the trial court insufficiently admonished appellant of the dangers and disadvantages of self-representation. *See Faretta*, 422 U.S. at 835–36; *Collier*, 959 S.W.2d at 626. The record reflects that appellant voluntarily and knowingly waived the right to counsel.

Appellant's eighth issue argues the judgments improperly reflect that he waived counsel. We have concluded, however, that the record affirmatively and

unequivocally reflects that appellant knowingly and voluntarily waived counsel. Appellant's second, third, fourth, and eighth issues are resolved against him.

## C.    Motion for Continuance

A week before trial, appellant argued a speedy trial motion and then orally requested a continuance. The trial judge inquired about why appellant claimed to need more time; specifically, whether he wanted time to hire an attorney or whether he planned to continue representing himself. Appellant said that he wanted to hire an attorney. The court noted that appellant had appeared in court for various reasons almost every two weeks for several months, and each time had been asked if he planned to hire an attorney. Each time, appellant insisted that he would represent himself. The judge also noted that appellant could still hire an attorney in the week remaining before trial. In light of appellant's historical insistence on self-representation and his assertion that his speedy trial rights were being denied, the court denied the continuance.

Appellant's fifth issue argues the court abused its discretion by denying a continuance and deprived him of due process. This issue has not been preserved for our review.

Preservation of error from the denial of a continuance requires a sworn, written motion. *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009). Error resulting from the denial of an unsworn oral motion is forfeited on appeal. *Id.*

There is no due process exception to this preservation of error requirement. *Id*. at 279–80.

Moreover, even if the issue had been preserved, there was no abuse of discretion. Appellant had adequate time to retain an attorney during the year and a half the cases were pending, but consistently maintained he did not intend to do so. And his request for a speedy trial was inconsistent with his request that trial be delayed. Appellant's fifth issue is overruled.

## D.   Sufficiency of the Evidence

Appellant's sixth and seventh issues argue the evidence is insufficient to support his convictions for theft and evading arrest. Appellant's arguments are not persuasive.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018); *Brooks*, 323 S.W.3d at 895; *Bordelon v. State*, 673 S.W.3d 775, 793 (Tex. App.—Dallas 2023, no pet.).

Viewing the evidence in the light most favorable to the verdict requires that we consider all the evidence admitted at trial, including improperly admitted

evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). As such, we must defer to the factfinder's credibility and weight determinations because the factfinder is the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. The *Jackson* standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts. *Zuniga*, 551 S.W.3d at 732; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether the necessary inferences are based on the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778. As the factfinder, the jury is "entitled to believe or disbelieve all or part of the witness's testimony—even if that testimony is uncontroverted—because [it] has the opportunity to observe the witness's demeanor and appearance." *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

The evidence need not directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence, and circumstantial evidence alone can be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper*, 214 S.W.3d at 13). Each fact need not point directly and independently to the defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the defendant's conviction. *Hooper*, 214 S.W.3d at 13. Therefore, in evaluating the sufficiency of the evidence, we treat direct and circumstantial evidence equally, and we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015).

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Here, appellant was charged with theft, with two prior convictions, and evading arrest with a prior conviction. A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a). Appropriation is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b)(1). Theft is a state jail felony if the value of the property stolen is less than $2,500 and the defendant has been previously convicted two or more times of any grade of theft. *Id.* § 31.03(e)(4)(D). A person commits evading arrest if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him. TEX.

PENAL CODE ANN § 38.04(a). The offense is a state jail felony if the actor was previously convicted of evading. *Id.* § 38.04(b)(1)(A).

If the State proves at trial that the defendant was previously convicted of two state jail felonies, the range of punishment—if convicted—is that of a third-degree felony. TEX. PENAL CODE ANN § 12.425(a).

Appellant contends the State failed to prove the identity of the person leaving the store with the wine, or the person fleeing from the SUV when stopped by the police. "Identity may be proven by direct evidence, circumstantial evidence, or by reasonable inferences from the evidence." *Ingerson v. State*, 559 S.W.3d 501, 509 (Tex. Crim. App. 2018) (citing *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009)); *see also Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016) (circumstantial evidence alone may prove identity). Further, in viewing the evidence, we must consider the "combined and cumulative force of the evidence" and view the evidence in the light most favorable to the jury's guilty verdict. *See Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018) (explaining that "jury may accept one version of the facts and reject another, and it may reject any part of a witness's testimony"); *see also Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014) (we presume jury resolved any conflicts in the evidence).

In the present case, the evidence showed that the person leaving Tom Thumb with the wine was wearing a black top, blue jeans, a face covering and a head covering. That person was seen getting into a black SUV.

An officer following the SUV as it exited the Tom Thumb parking lot attempted to conduct a traffic stop. When the SUV pulled into a gas station, a male wearing a beanie, black shirt, and blue jeans jumped out of the back of the SUV and ran away. The bottles of wine from Tom Thumb were in the backseat where the male had been.

The driver of the SUV was wearing different colors than the man who ran away. The driver provided the police with the first name and cell number of the person who fled the scene. Police were later able to confirm that the number was appellant's.

Officer Altus also identified appellant's fingerprints on three of the wine bottles. The officer's comparisons were then independently audited and verified by another fingerprint examiner. Appellant's fingerprints were also taken on the day of trial. Officer Altus compared those fingerprints to appellant's ten print card and testified he was 100% confident in appellant's identification.

Appellant's reliance on the alibi he offered is misplaced. *See Johnson v. State*, 176 S.W.3d 74, 77–78 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). The evidence showed that appellant called the detective investigating the case and claimed he was at a casino when the crime was committed. He provided a photograph of himself in front of a casino.

Appellant testified that he did not commit the crimes. During his testimony, he offered the photograph of himself into evidence. But the photograph appellant

sent the detective said "Winstar World Casino and Resort" at the top. The photograph appellant offered into evidence said "March 1, 2022" at the top. Although appellant claimed the photograph had not been altered, he did not explain the discrepancy.

The jury was free to disbelieve appellant's testimony. *See Brooks*, 323 S.W.3d at 899. The jury could also have reasonably concluded that appellant's alibi was self-serving. *See Arevalo v. State*, No. 05-18-00126-CR, 2019 WL 3886650, at *6 (Tex. App.—Dallas Aug. 19, 2019, pet. ref'd) (mem. op., not designated for publication). We defer to the jury's resolution of any conflicts in the evidence. *See Jones v. State*, 936 S.W.2d 678, 681 (Tex. App.—Dallas 1996, no pet.).

Under these circumstances, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was the perpetrator of the crimes. Appellant's sixth and seventh issues are overruled.

## III. CONCLUSION

Having resolved all of appellant's issues against him, we affirm the trial court's judgments.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
231226F.U05

–15–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TONY JAMAAL SCOTT, Appellant

No. 05-23-01226-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-86030-2023.
Opinion delivered by Justice Garcia. Justices Pedersen, III and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 12, 2024



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

TONY JAMAAL SCOTT, Appellant

No. 05-23-01227-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-86031-2023.
Opinion delivered by Justice Garcia. Justices Pedersen, III and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 12, 2024